UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TODD A. MURPHY,

   Plaintiff,

  v.

ANDRE MARIO SMITH,

   Defendant.

No.  2:25-cv-3479 TLN CKD (PS)

FINDINGS AND RECOMMENDATIONS

Proceeding without counsel, defendant Andre Mario Smith initiated this action on December 2, 2025, with a motion to proceed in forma pauperis and a document styled as a "Removal Notice from Inferior Tribunal to *exclusive federal jurisdiction*[.]" (ECF No. 1.) This matter is before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). The notice of removal is deficient and this case should be remanded to the Sacramento County Superior Court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

At the outset, defendant has not complied with the requirements of 28 U.S.C. § 1446 in that the notice of removal was not filed together with "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). However, the court takes judicial notice of the existence of the referenced case number 24cv017564 in the Sacramento County Superior Court in which Andre Smith is the defendant. See Fed. R. Evid.

1

201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute…."); Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) (courts may take judicial notice of records and filings of other court proceedings).

The court takes judicial notice that the initial pleading filed in state court in this case is an *Ex Parte* Application for an Order Striking and Releasing Lien or Other Encumbrance on Property of Public Officer or Employee, filed on September 4, 2024.[1] See Cal. Civ. Proc. Code § 765.010 (prohibiting the false filing of a lien with the intent to harass a public employee and providing a procedure for striking such a lien *ex parte*). Such an application follows a special statutory procedure:

> (1) A person or entity whose property is subject to a lien or encumbrance in violation of this section may petition the superior court of the county in which the person or entity resides or in which the property is located for an order, which may be granted ex parte, directing the lien or other encumbrance claimant to appear at a hearing before the court and show cause why the lien or other encumbrance should not be stricken and other relief provided by this article should not be granted.
>
> (2) The court shall schedule the hearing no earlier than 14 days after the date of the order. The scheduled date of the hearing shall allow adequate time for notice of the hearing.

Cal. Civ. Proc. Code § 765.010(c). And further,

> If the court determines that the lien or other encumbrance is in violation of Section 765.010, the court shall issue an order striking and releasing the lien or other encumbrance and may award costs and reasonable attorney's fees to the petitioner to be paid by the lien or other encumbrance claimant. If the court determines that the lien or other encumbrance is valid, the court shall issue an order so stating and may award costs and reasonable attorney's fees to the encumbrance claimant to be paid by the petitioner.

Cal. Civ. Proc. Code § 765.030.

Defendant asserts this court has diversity jurisdiction under 28 U.S.C. § 1332. (ECF No. 1 at 5-6.) However, defendant fails to establish he timely filed the notice of removal for a diversity jurisdiction case. Defendant also fails to establish diversity jurisdiction.

---

[1] This information is publicly available at https://services.saccourt.ca.gov/PublicCaseAccess/.

2

Defendant asserts this court has diversity jurisdiction under 28 U.S.C. § 1332. (ECF No. 1 at 5-6.) However, defendant fails to establish he timely filed the notice of removal for a diversity jurisdiction case. Defendant also fails to establish diversity jurisdiction.

Pursuant to 28 U.S.C. § 1446(b),

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, *through service or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]

28 U.S.C. § 1446(b) (emphasis added). (ECF No. 1 at 7.) Defendant states the notice of removal is timely because "no summons, Complaint, nor Information were ever validly and properly served, nor otherwise, within the meaning of service." (Id.)

The court takes judicial notice that defendant appeared and filed a cross-complaint in Sacramento County Superior Court case number 24cv017564 on June 6, 2025. The notice of removal filed approximately six months later does not plausibly allege defendant did not receive the initial pleading through service or otherwise.

Untimeliness aside, defendant's notice of removal fails to establish subject matter jurisdiction. [2] Section 1332 requires the amount in controversy to exceed $75,000 and requires that all plaintiffs are citizens of different states than all defendants.

As to the plaintiff, defendant states "Vexatious Litigants allege that they are residents of the State of California and that their primary residence is c/o Mathew Christy, SBN 257995, California Department of Motor Vehicles (DMV), 2415 1st Avenue P.O. Box 93232 Sacramento, California." (ECF No. 1 at 6.) Defendant also states "Petitioner is not a citizen of the State of California nor subject as Petitioner domiciles in Taiwan since February 2018[.]" (Id.) These allegations reference the plaintiff's residence and the defendant's domicile, but do not specify the state or foreign citizenship of either party.

////

---

[2] The notice of removal pleads only diversity jurisdiction, and it is clear the petition for an order striking a lien does not raise any federal legal question. Federal law does not create the cause of action and the state law claim in no way turns on a construction of federal law. See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9-10 (1983).

Allegations of residency, in particular, are insufficient as a matter of law under 28 U.S.C. § 1332. See Steigleder v. McQuesten, 198 U.S. 141, 143 (1905) ("a mere averment of residence in a particular state is not an averment of citizenship in that state for the purposes of jurisdiction"); Coury v. Prot, 85 F.3d 244, 250 (5th Cir. 1996) ("an American living abroad is not by virtue of that domicile a citizen or subject of the foreign state in which he resides so as to permit invocation of the alienage jurisdiction prescribed in 28 U.S.C. § 1332(a)(2)"). Defendant has not specified the citizenship of either party and fails to establish diversity jurisdiction. See Kanter v. Warner–Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001) (since the party asserting diversity jurisdiction bears the burden of proof, the failure to specify state citizenship was fatal to the assertion of diversity jurisdiction).

Even if the citizenship allegations could be remedied, those regarding the amount in controversy could not be amended to plausibly allege the amount in controversy requirement. See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014) (a notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"). The notice of removal contends the amount in controversy is $999,999,999.99. (ECF No. 1 at 6.) As support, defendant states the following:

> Plaintiffs in his action have made specified request for damages for themselves, attorneys' fees and cost. Vexatious Litigants have demanded termination of a deed valued at $999,999,999.99. Petitioner has remitted Bonds for the sum certain[.]"

(ECF No. 1 at 6.)

As set forth above, the ex parte application to strike a lien will either result in an order striking and releasing the lien or an order stating the lien is valid. See Cal. Civ. Proc. Code § 765.030. The mere possibility of costs and reasonable attorney's fees does not suffice to show plaintiff could plausibly recover the jurisdictional amount of $75,000. It is clear from the face of the initial pleading filed in state court that the plaintiff cannot recover the jurisdictional amount in this suit, and this case should be dismissed for lack of jurisdiction. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-289 (1938) (federal court may dismiss a diversity jurisdiction case for lack of jurisdiction if it appears to a legal certainty from the face of the

pleadings that the party cannot recover the amount claimed).

In accordance with the above, IT IS RECOMMENDED as follows:

1.   This action be REMANDED to the Sacramento County Superior Court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

2.   The Clerk of Court be directed to serve a certified copy of the order remanding the case on the Clerk of the Sacramento County Superior Court, and to reference the state case number 24cv017564 in the proof of service.

3.   The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  January 26, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 smit25cv3479.rmnd